Rafael G. Nendel-Flores, Esq., SBN 223358
Guillermo Tello, Esq., SBN 277896
Yesi Lagunas, Esq., SBN 316008
**CLARK HILL LLP**
1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
Telephone:  (213) 891-9100
Facsimile:   (213) 488-1178
rnendelflores@ClarkHill.com
gtello@ClarkHill.com
ylagunas@ClarkHill.com

Attorneys for Defendants L3 ELECTRON DEVICES, INC. DBA L-3 ELECTRON TECHNOLOGIES INC. and L3HARRIS TECHNOLOGIES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA CURTISS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>L3 ELECTRON DEVICES, INC., a Delaware Corporation, DBA L-3 ELECTRON TECHNOLOGIES INC and L3HARRIS TECHNOLOGIES; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No. 2:21-cv-6755<br><br>**DEFENDANTS L3 ELECTRON DEVICES, INC. DBA L-3 ELECTRON TECHNOLOGIES INC. AND L3HARRIS TECHNOLOGIES' PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>Assigned to:<br><br>*[Filed concurrently with Declarations of Maria Elena Garcia and Rafael Nendel-Flores; Civil Cover Sheet; and Certificate of Interested Parties; and Corporate Disclosure Statement]*<br><br>Complaint Filed:   March 5, 2021<br>Trial Date:             Not yet set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, TO PLAINTIFF AND TO HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants L3 ELECTRON DEVICES, INC. D/B/A L-3 ELECTRON TECHNOLOGIES INC. ("L3 Electron") and L3HARRIS TECHNOLOGIES, INC. ("L3Harris") (collectively, "Defendants") hereby remove this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the grounds that: (1) there is complete diversity of citizenship between Plaintiff BRENDA CURTISS ("Plaintiff"), a citizen of the State of California, and Defendants, both citizen of the State of Delaware and the State of Florida; and (2) the amount in controversy exceeds the $75,000 threshold set forth in Section 1332(a). The forgoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this Notice of Removal, as more fully set forth below on the following grounds.

I.  **STATE COURT ACTION**

1. On or about March 5, 2021, Plaintiff filed a complaint and demand for jury trial in this action against L3 Electron Devices, Inc. d/b/a L-3 Electron Technologies Inc. and L3Harris Technologies entitled "*BRENDA CURTISS, an individual, Plaintiff, v. L3 ELECTRON DEVICES, INC., a Delaware Corporation, DBA L-3 ELECTRON TECHNOLOGIES INC. and L3HARRIS TECHNOLOGIES, INC. and DOES 1 through 10, Inclusive, Defendants*," in the Los Angeles County Superior Court, Case Number 21STCV08824 ("State Court Action").

2. On March 25, 2021 Plaintiff served Defendants with the Complaint for Damages ("the Complaint"), Summons, and Notice of Case Assignment via a process server. These documents were the initial pleadings received by Defendants setting forth the claims upon which this action is based and assigning a judge. True and correct copies

1. of these documents, along with all pleading, process, and other documents Defendants have received in this action are attached hereto as **Exhibit A**.

2. 3. The Complaint asserts the following causes of action: (1) Overtime Lab. Code § 510; (2) Failure to Pay Minimum Wage Lab. Code§ 1197; (3); Failure to Pay Timely Wages Lab. Code § 204; (4) Failure To Pay Wages at Time of Separation §§ 201, 202; (5) Failure to Provide Accurate Wage Statements Lab Code § 226(a); *See* **Exhibit A**, Complaint.

3. 4. On April 26, 2021, Defendants timely filed an Answer to the Complaint in the State Court Action. A true and correct copy of the Answer is attached hereto as **Exhibit B**. Actions such "filing a pleading, such as an answer or demurrer, or other pleading raising a defense that might be conclusive on the merits," including a motion to dismiss as taken in state court do not waive a defendant's right to a federal forum. *Koch v. Medici Ermete & Figli S.R.L.*, No. CV 13-1411 CAS PJWX, 2013 WL 1898544, at *3 (C.D. Cal. May 6, 2013); *Moore's Federal Practice*, § 107.18[3][a].

4. 5. Pursuant to 28 U.S.C. § 1446(d), Defendants will provide prompt written notice of this Notice of Removal to all adverse parties and to the Clerk of the Los Angeles County Superior Court.

## II.   **REMOVAL IS TIMELY**

6. According to 28 U.S.C. § 1446(b), removal based on diversity jurisdiction must occur within 30 days after service of the original pleading if diversity jurisdiction is demonstrated on the face of the pleading.

7. However, this thirty-day time period in which defendants must remove starts to run upon defendants' receipt of the initial pleading ***only if the pleading affirmatively reveals on its face the basis for removal***—i.e., the citizenship of all parties and the amount in controversy. 28 U.S.C. § 1446(b)(3) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendants, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the

case is one which is or has become removable.") Stated differently, a defendant's subjective knowledge and/or ability to inquire to obtain additional facts does not trigger commencement of the limitations period. See *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 691–92 (9th Cir. 2005) (the thirty-day limitations period for diversity-based removal of insured's action against diverse insurer and insurer's agent do not commence with initial complaint, when the complaint reveals only residency of agent, not his current citizenship; limitations period began to run only when it became apparent that insured had abandoned his claims against agent, rendering diversity complete).

8. In this case, the filing of this removal, which is within one year as this action since Plaintiff commenced this action on or about, March 5, 2021. The thirty-day time period for Defendants to seek removal based on diversity jurisdiction did not start to run with the service of the Complaint because this pleading alleged only Plaintiff's residency (not her citizenship) and did not allege Defendants' citizenship. Moreover, the Complaint does not allege an amount in controversy. Instead, the Complaint alleges that Defendants' paid Plaintiff a yearly salary of $77,000.00 equivalent to approximately $37.02 per hour (Complaint ¶ 16); Plaintiff routinely worked 1 to 4 hours of overtime between March 2018 and February 2020 (Complaint ¶¶ 17-18); From March 2020 through September 2020, Plaintiff worked "significant over time hours" which Plaintiff estimates she worked between 9 to 13 hours per day (Complaint ¶ 19); Plaintiff further alleges that Defendants never compensated Plaintiff for overtime wages, and she is owed payment for such additional work. (Complaint ¶ 20). As such, Plaintiff has been "damaged" and is "owed her unpaid minimum wages, unpaid overtime wages, liquidated damages, statutory penalties and interest on all compensation" Defendants owes her (Complaint ¶ 25).

9. Therefore, the four corners of the complaint do not reveal either that there is a diversity of citizenship or that the amount in controversy is in excess of the $75,000.00 threshold for removal on the basis of diversity jurisdiction. See 28 U.S.C. § 1446(b)(3) (30 days deadline to remove from service is not applicable where "the case

stated by the initial pleading is not removable[.]"); *CarMax Auto Superstores v. Hernandez*, 94 F.Supp.3d 1078, 1091 n. 38. (C.D. Cal. 2015.) ("A party's residence alone does not determine his or her citizenship for purposes of diversity jurisdiction."); *Molina v. Lexmark, Intern, Inc.* (C.D. Cal. 2008) 2008 WL 4447678 at * 4 ("If the amount in controversy is not clear on the fact of the initial pleading, however, the thirty-day period does not 'begin ticking until a defendant receives a copy of an amended pleading, motion, order or other paper from which it can determine that the case is removable.'") (quoting *Durham v. Lockheed Martin Corp.* (9th Cir. 2006) 445 F.3d 1247, 1250). In other words, the case as stated in the Complaint was not removable at the time of service. Instead, the basis for removal is only revealed by this very petition for removal.

10. Moreover, on July 21, 2021, Plaintiff made an initial settlement demand of $65,000.00 and on July 27, 2021, a subsequent demand of $375,000.00 *in addition to the initial demand* [Declaration of Rafael Nendel-Flores ¶¶ 3-4.] Put simply, Plaintiff issued a combined settlement demand in excess of $400,000.

11. Therefore, Defendants timely removed this action on August 20, 2021.

### III. REMOVAL IS PROPER BASED ON COMPLETE DIVERSITY OF CITIZENSHIP AMONG THE PARTIES

12. Plaintiff is a Citizen of California. For diversity purposes, a person is a "citizen" of the state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place where they reside with the intention to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's residence is prima facie evidence of their domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) citing *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence . . . is *prima facie* proof of [their] domicile.") According to the Complaint, Plaintiff was domiciled in California both at the time that she filed the instant lawsuit and at the present moment as she is still employed with

L3Harris. (**Exh. A**, Complaint at ¶ 6.) Additionally, Plaintiff has lived and worked in California since at least March 2010. (Declaration of Maria Elena Garcia ("Garcia Decl."), at ¶ 7.) Accordingly, Plaintiff was domiciled in the State of California at the time that she filed the instant lawsuit, and is still a domiciled in the State of California as L3Harris still employs her at its Torrance facility.

13.  Defendants are Citizens of Delaware and Florida. A corporation is a citizen of both the state of incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). The Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). In *Hertz*, the Court held that the "principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 1184. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters - provided that the headquarters is the actual center of direction, control and coordination." *Id*.

14.  Defendants were at the time the Complaint was filed, and still are a company incorporated in the State of Delaware. (**Exh. A** Complaint 2:5; Garcia Decl."), at ¶ 4.) Additionally, Defendants headquarters are located in Melbourne, Florida from where Defendants perform the vast majority of their corporate executive and administrative functions. (Garcia Decl., at ¶ 5.) As such, the Chairman and Chief Executive Officer, the Vice Chairman, President and Chief Operating Officer, the Senior Vice President and Chief Financial Officer, the Vice President and Chief Human Resources Officer, the Senior Vice President, General Counsel and Corporate Secretary and the Vice President, Principal Accounting Officer all are based out of Defendants' headquarters. *Id*. Accordingly, Defendants are a citizen of Delaware and Florida.

15.  Therefore, complete diversity among the parties exists. Thus, this timely Petition is based on complete diversity of the parties: Plaintiff is a citizen of California and Defendants are citizens of Delaware and Florida.

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS AN AGGREGATE OF $75,000, EXCLUSIVE OF INTERESTS AND COSTS

16. This Court has original jurisdiction over this action under United States Code, Title 28, section 1332(a) and 1441(a) on the basis that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

17. This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the facts set forth herein and more specifically described below. Defendants discuss below the allegations in Plaintiff's Complaint that are the subject of this matter solely to demonstrate that the amount in controversy in this matter exceeds $75,000.00. In doing so, Defendants do not admit that Plaintiff is entitled to these damages.

18. When considering whether the Defendants' burden is met upon removal, a court "may consider facts in the removal petition." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorney's fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Additionally, "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Where a plaintiff does not "disavow his letter or offer contrary evidence," the letter may be taken as "sufficient to establish the amount in controversy." *Id.*; See also, *Guillen v. Kindred Healthcare Operating, Inc.* (C.D. Cal., Mar. 7, 2018, No. EDCV1702196JAKFEMX) 2018 WL 1183354, at *4 (Settlement demand letters[1] are admissible for the limited purpose of calculating the amount in

---

[1] In general, settlement offers are inadmissible under Fed. R. Evid. 408. Rule 408 precludes their use for the purpose of showing "liability for or invalidity of the claim or its amount." *Cohen, supra* at 840 n.3. However, Rule 408 does not prohibit the use of settlement demands in determining the amount in controversy. *Id.*

controversy as to each Plaintiff. Given the settlement letters detailed demands, they are "sufficient to establish the amount in controversy."). Removal is, therefore, proper if from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Plaintiff's claims exceeds $75,000.00 *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

19. Here, Plaintiff's Complaint does not allege a specific damage amount as to each claim. Instead, Plaintiff only alleges that Defendants paid her an annual salary of $77,000.00 (**Exh. A**, Complaint ¶ 16.) It is more likely than not that the amount in controversy exceeds $75,000.00 in damages because Plaintiff recently issued a settlement demands for $65,000.00 and $375,000.00, respectively. See, *Cohen, supra* and *Guillen* (settlement letters are sufficient to establish amount in controversy).

20. Plaintiff also asserts that she is entitled to recover attorneys' fees pursuant to the California Labor Code §§ 218.5, 226(e), and 1194. (See Complaint, ¶¶ 31,36, 40, 46, 50 and Prayer at ¶ 8.) "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007). Adding the potential damages for attorney's fees, it is factually apparent from the body of the Complaint that the damages sought by Plaintiff are well in excess of $75,000. *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999) (holding claims exceeded $75,000 as alleged in the complaint because there were alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorney fees was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction). A conservative estimate is that Plaintiff will likely seek

DEFENDANTS' PETITION AND NOTICE OF REMOVAL OF
CIVIL ACTION TO UNITED STATES DISTRICT COURT

attorney's fees equal to at least 25% of the total amount sought. *See, e.g., Heejin Lim v. Helio, LLC*, 2012 WL 359304 at *3 (C.D.Cal.); *Altamirano v. Shaw Industries, Inc.*, 2013 WL 2950600 at * 13 (N.D. Cal.).

21. Accordingly, as the alleged damages exceed this Court's jurisdictional limit and as the parties are of diverse citizenship, removal is proper.

## V. SATISFACTION REQUIREMENTS OF 28 U.S.C. § 1446

22. In accordance with 28 U.S.C. § 1446(a), this notice of removal is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County of Los Angeles, is located within the Central District of California-Western Division. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(a) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 114(a).

23. In accordance with 28 U.S.C. § 1446(a), this notice of removal is accompanied by **Exhibit A**, which is the Complaint, Summons, and Notice of Case Assignment, and **Exhibit B**, which is the Answer filed in Los Angeles County Superior Court, and **Exhibit C**, the Declaration of Maria Elena Garcia in support of removal, and **Exhibit D**, the Declaration of Rafael Nendel-Flores.

24. In accordance with 28 U.S.C. § 1446(b) and as detailed in paragraphs 1 through 11 *supra*, Defendants' Notice of Removal is timely filed.

25. In accordance with 28 U.S.C. § 1446(d), Defendants will give written notice of the original removal of this action to Plaintiff via her counsel and file a copy of that Notice with the Superior Court of California, County of Los Angeles.

## VI. CONCLUSION

26. This is an action between citizens of California, Delaware, and Florida, and the matter in controversy exceeds $75,000. Therefore, Defendants respectfully request that this Court exercise its diversity removal jurisdiction over this action.

27. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants respectfully requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the Court on the basis for this removal.

Dated: August 20, 2021				CLARK HILL LLP


						By:	*/s/ Rafael G. Nendel-Flores*
							Rafael G. Nendel-Flores, Esq.
							Guillermo Tello, Esq.
							Yesi Lagunas, Esq.
						Attorneys for Defendants L3 ELECTRON DEVICES, INC. DBA L-3 ELECTRON TECHNOLOGIES INC. and L3HARRIS TECHNOLOGIES

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 1055 West Seventh Street, Suite 2400, Los Angeles, California 90017.

On August 20, 2021, I served the foregoing document(s) described as: **DEFENDANTS L3 ELECTRON DEVICES, INC. DBA L-3 ELECTRON TECHNOLOGIES INC. AND L3HARRIS TECHNOLOGIES' PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** on the interested parties in this action by placing the true copies thereof enclosed in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| Todd H. Harrison, Esq.<br>Brennan S. Kahn, Esq.<br>Michael S. Walker, Esq.<br>**Perona, Langer, Beck, Serbin & Harrison, APC**<br>300 East San Antonio Drive<br>Long Beach, CA  90807<br>Tel:  (562) 426-6155<br>Fax:  (562) 490-9823<br>Email:  brennankahn@plblaw.com<br>           michaelwalker@plblaw.com<br>cc:       JackieMcMahon@plblaw.com | *Attorneys for Plaintiff*<br>BRENDA CURTISS |

☒ **BY MAIL:** I caused such envelope to be deposited in the mail at Los Angeles, CA  90017.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter day is more than 1 day after date of expiration of deposit for mailing in affidavit.

☒ **BY ELECTRONIC TRANSMISSION:** The above-referenced documents were sent via electronic transmission to the addressee(s)'s email address as indicated on this Proof of Service.

☒ **(FEDERAL)**: I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 20, 2021, at Los Angeles, California.

                                          Diane Vo