# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
03/25/2021
CT Log Number 539274010

**TO:** Valerie Defilippo
L3 Technologies, Inc.
1025 W. NASA BLVD, M/S A11A
MELBOURNE, FL 32901

**RE:** **Process Served in California**

**FOR:** L3 Electron Devices, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Brenda Curtiss, etc., Pltf. vs. L3 Electron Devices, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 21STCV08824 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/25/2021 at 13:50 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780134710298<br><br>Image SOP<br><br>Email Notification,  Tama Schwartz  Tama.Schwartz@L3T.com<br><br>Email Notification,  Matt Weingast  matt.weingast@L3T.com<br><br>Email Notification,  Valerie Defilippo  valerie.defilippo@l3harris.com<br><br>Email Notification,  Samantha Cody  samantha.cody@l3harris.com<br><br>Email Notification,  Scott Mikuen  scott.mikuen@harris.com<br><br>Email Notification,  Donald Letizia  Donald.L.Letizia@l3t.com<br><br>Email Notification,  Larry Lohman  larry.lohman@l3harris.com<br><br>Email Notification,  Tom Rall  tom.rall@l3harris.com<br><br>Email Notification,  Michele St. Mary  michele.stmary@l3harris.com<br><br>Email Notification,  Ruth Polsinelli  ruth.polsinelli@l3harris.com |

 **CT Corporation**

**Service of Process Transmittal**
03/25/2021
CT Log Number 539274010

**TO:** Valerie Defilippo
L3 Technologies, Inc.
1025 W. NASA BLVD, M/S A11A
MELBOURNE, FL 32901

**RE:** **Process Served in California**

**FOR:** L3 Electron Devices, Inc.   (Domestic State: DE)

**REGISTERED AGENT ADDRESS:**        C T Corporation System
818 West 7th Street
Los Angeles, CA 90017
866-401-8252
EastTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**       Thu, Mar 25, 2021

**Server Name:**     Trevor Smith

| | |
|---|---|
| Entity Served | L3 ELECTRON DEVICES, INC. |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 21STCV08824 |
| Jurisdiction | CA |



Electronically FILED by Superior Court of California, County of Los Angeles on 03/05/2021 01:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk

# SUMMONS

**SUM-100**

## (CITACION JUDICIAL)

21STCV08824

| | |
|---|---|
| **NOTICE TO DEFENDANT:** | *FOR COURT USE ONLY* |
| *(AVISO AL DEMANDADO):* | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
L3 ELECTRON DEVICES, INC., a Delaware Corporation, DBA
L-3 ELECTRONIC TECHNOLOGIES INC and L3 HARRIS TECHNOLOGIES;
and DOES 1 through 10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BRENDA CURTISS, an Individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: | **CASE NUMBER** |
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |
| | 21STCV08824 |

LOS ANGELES COUNTY SUPERIOR COURT
111 North Hill Street
Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
BRENNAN S. KAHN, ESQ. (SBN 259548) PERONA, LANGER, BECK, SERBIN & HARRISON
300 East San Antonio Drive (562) 426-6155
Long Beach, California 90807

Sherri R. Carter Executive Officer / Clerk of Court

| | | | |
|---|---|---|---|
| DATE: 03/05/2021 | Clerk, by | R. Clifton | , Deputy |
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courtinfo.ca.gov* |

CEB Essential Forms
ceb.com

Curtiss, Brenda

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

03/08/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ C. Gomez _____ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Brenda Curtiss

DEFENDANT:
L3 ELECTRON DEVICES, INC., a Delaware Corporation

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
21STCV08824

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 07/21/2021 | Time: 10:00 AM | Dept.: 49 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608 subdivision (b) and California Rules of Court, rule 2.2 et seq.

Dated: 03/08/2021

_____ Stuart M. Rice / Judge _____
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Los Angeles , California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Brennan S Kahn
300 E San Antonio Dr

Long Beach, CA 90807

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 03/08/2021

By C. Gomez
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/08/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ C. Gomez _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Brenda Curtiss | |
| DEFENDANT/RESPONDENT:<br>L3 ELECTRON DEVICES, INC., a Delaware Corporation | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV08824 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Brennan S Kahn
Perona, Langer, Beck, Serbin et al
300 E San Antonio Dr
Long Beach, CA  90807

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 03/8/2021

By:  C. Gomez
        Deputy Clerk

**CERTIFICATE OF MAILING**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>03/05/2021<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br><br>By: _____ R. Clifton _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV08824 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Stuart M. Rice | 49 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on 03/05/2021
___(Date)___

By R. Clifton _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Electronically FILED by Superior Court of California, County of Los Angeles on 03/05/2021 01:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
21STCV08824

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Stuart Rice

1    **TODD H. HARRISON, ESQ.** (SBN 230542)      [Space Below Reserved for Court Use Only]
    **BRENNAN S. KAHN, ESQ.** (SBN 259548)
2    **MICHAEL S. WALKER, ESQ.** (SBN 330373)
    **PERONA, LANGER, BECK, SERBIN & HARRISON, APC.**
3    300 East San Antonio Drive
    Long Beach, California 90807
4    (562) 426-6155   Fax: (562) 490-9823

5

    Attorneys for Plaintiff, Brenda Curtiss
6

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **FOR THE COUNTY OF LOS ANGELES**

10

11

BRENDA CURTISS, an Individual,         **Case Number:** 21STCV08824
12

13           Plaintiff,               **COMPLAINT FOR:**

14       v.                    (1)     Violation of *Labor Code* § 510;

15    L3 ELECTRON DEVICES, INC., a      (2)     Violation of *Labor Code* § 1197;
    Delaware Corporation, DBA L-3
16    ELECTRON TECHNOLOGIES INC and    (3)     Violation of *Labor Code* § 204;
    L3 HARRIS TECHNOLOGIES; and DOES
17    1 through 10, Inclusive,          (4)     Violation of *Labor Code* §§ 201 & 202;
18                                 and
           Defendants.
19                      (5)     Violation of *Labor Code* § 226;

20

21                      **JURY TRIAL DEMANDED**

22

23

24

25       Plaintiff, Brenda Curtiss, alleges as follows:

26   / / /

27   / / /

28   / / /

                                   1

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to California Constitution Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

2.     This Court has jurisdiction over all Defendant because, based on information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

3.     Venue is proper in this Court because, upon information and belief, one or more of the named Defendant reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

## THE PARTIES

4.     Plaintiff, Juan Iniguez (hereinafter "Plaintiff"), is a resident of Los Angeles County, in the State of California.

5.     Defendant, L3 Electron Devices, Inc., (hereinafter "Defendant"), is a Delaware corporation doing business within the State of California as itself, as Electron Technologies Inc and L3 Harris Technologies, and at all times hereinafter mentioned, is an employer whose employees are engaged in commerce throughout this County and the State of California.

6.     Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1-10, but prays for leave to amend and serve such fictitiously named Defendants pursuant to California *Code of Civil Procedure* § 474, once their names and capacities become known.

/ / /

/ / /

1     7.     Plaintiff is informed and believes, and thereon alleges, that DOES 1-10 are the

2  partners, owners, shareholders or managers or employees of Defendants, and were acting

3  on behalf of Defendants.

4     8.     Defendant and DOES 1-10 will hereafter be collectively referred to collectively

5  as "Defendants."

6     9.     Plaintiff is informed and believes, and thereon alleges, that each of said

7  Defendants are in some manner intentionally, negligently, or otherwise responsible for the

8  acts, occurrences or transactions alleged herein.

9     10.    Plaintiff is informed and believes, and thereon alleges, that each and all of the

10  acts and omissions alleged herein were performed by, or are attributable to, all Defendants,

11  each acting as the agent for the other, with legal authority to act on the other's behalf.  The

12  acts of Defendants were in accordance with, and represent the official policy of Defendants.

13     11.    At all times herein mentioned, Defendants, and each of them, ratified each and

14  every act or omission complained of herein.  At all times herein mentioned, the Defendants,

15  and each of them, aided and abetted the acts and omissions of each and all the other

16  Defendants in proximately causing the damages herein alleged.

17

18     **GENERAL ALLEGATIONS**

19     12.    Defendant is an international aerospace company which designs and builds

20  various equipment for, in addition to providing various services to, the military, government

21  and private sector. At all times, Plaintiff has been employed by Defendant from

22  approximately March 2018 to the present, always working out of Defendant's facility located

23  at 3100 Lomita Boulevard, Building 230, #2129A, Torrance, California 90505.

24     13.    While working for Defendant from approximately March 2018 to the present,

25  Defendant has always employed Plaintiff as a procurement buyer. In said role, at all times,

26  Defendant required Plaintiff simply acquire products and materials for Defendant's uses

27  within prescribed price ranges Defendant provided to Plaintiff and which Plaintiff had to

28  adhere to except when specifically authorized by her supervisor on a case by case basis.

3

14.     At no time during Plaintiff's employment did Plaintiff ever perform any managerial duties, supervisory duties or any duties which influenced the general business policies of Defendant. Defendant never provided Plaintiff any hiring or firing authority, never allowed Plaintiff to supervise or discipline any employees and never provided Plaintiff with any influence over Defendant's policies or procedures regarding the pricing of its services, advertising of its services or any of its general business strategies. At all times, Defendant provided Plaintiff with strict guidelines which Plaintiff had to adhere to in acquiring products and/or materials for Defendant's benefit and, thus, had little to no independent discretion within the performance of her duties for Defendant's benefit. Furthermore, at no time did Plaintiffs's role with Defendant require any advanced degree, but only on the job training. Indeed, Defendant often hired employees with little to no experience in Plaintiff's role.

15.     As a result of those terms, conditions and responsibilities placed on Plaintiff within her role working for Defendant as a procurement buyer, for the entire duration of Plaintiff's employment with Defendant, Plaintiff never met the qualifications of being exempt from overtime compensation under any applicable California overtime exemption. Despite this fact, at all times, Defendant misclassified Plaintiff as an employee exempt from receiving overtime compensation and, thus, failed and/or refused to pay Plaintiff any wages, whether at a regular or overtime rate, for her overtime hours worked despite Plaintiff having worked a significant amount of overtime hours for Defendant's sole benefit.

16.     At all times while employed by Defendant, as a result of unlawfully misclassifying Plaintiff as exempt from being paid overtime wages, Defendant paid Plaintiff a flat annual salary of approximately $77,000.00 per year.  At all times while working for Defendant, Defendant paid Plaintiff this flat salary regardless of how many hours she worked for Defendant each pay period. As such, Defendant paid Plaintiff approximately $37.02 per hour assuming a full-time forty (40) hour workweek pursuant to *Labor Code* § 515 (d).

/ / /

/ / /

/ / /

17.   At all times, Plaintiff worked well more than a forty (40) hour work week. Through Plaintiff's employment as a "procurement buyer" with Defendant, Plaintiff was asked to work a standard schedule set at nine (9) hours per day for nine (9) days each two week period, with Plaintiff supposed to be off from work each Friday. However, in reality, through Plaintiff's employment, Plaintiff consistently worked hours well beyond this schedule.

18.   For the time period from approximately March 2018 through February 2020, prior to beginning to work from home due to the COVID-19 pandemic, at least once every two week period, Defendant required Plaintiff to work a 10 to 13 hour shift. As a result, during this time period, Plaintiff estimates that, in addition to the one hour of overtime worked each of the 9 days she worked in a two week period due to her 9 hour per day schedule, Plaintiff also worked an additional 1 to 4 hours, or about 2 hours on average, of additional overtime hours each two week period.

19.   For the time period from approximately March 2020 through September 2020, while working from home due to the COVID-19 pandemic and prior to beginning her September 2020 medical leave, Plaintiff worked significant over time hours each and every week. During this 6-7 month period of time, Plaintiff estimates that she consistently worked 9 to 13 hours per day, or approximately 11 hours on average during her normal 9 day per two week work schedule. Plaintiff also estimates that, despite supposed to be having every other Friday off, there was at least one Friday each month whereby she worked a minimum of 1 to 6 additional hours, or about an average of 3 hours..

20.   At all times, Plaintiff performed such additional hours of work for Defendant's direct benefit. At all times, Defendant knew Plaintiff was working such hours as Defendant, and/or its managers, supervisors or other employees, demanded that Plaintiff do so. However, while misclassifying Plaintiff as exempt from overtime wages, Defendant never paid Plaintiff any additional wages beyond her fixed annual salary. In so doing, by failing to pay Plaintiff any wages for any additional hours she worked beyond eight (8) hours per day and/or forty (40) hours per week,, Defendant denied Plaintiff both the minimum and overtime wages she was owed for such additional hours of work.

COMPLAINT FOR DAMAGES

21.     Throughout Plaintiff's employment, Plaintiff consistently performed work that should have qualified her for overtime pay. While performing such non-exempt duties, Plaintiff continued to work hours in excess of eight (8) hours in a day, or more than forty (40) hours in a work week, thus should have been subject to the overtime requirements of California law. Despite these facts, Defendant never provided Plaintiff any wages, no less any wages at an overtime rate, for her hours worked in excess of eight (8) hours a day or forty (40) hours per week, thereby denying Plaintiff both the minimum and overtime wages she was owed for such hours worked. Consequently, Defendant still owes Plaintiff all such unpaid wages to this day.

22.     At all times, Defendant knew or should have known that Plaintiff was not receiving all the minimum wages and/or overtime wages owed to her, because, among other things, Defendant's owners, principles, agents, officers and/or employees witnessed Plaintiff working such hours and/or required Plaintiff to perform such hours of work.

23.     As a result of Defendant's practices, at no time has Defendant supplied Plaintiff with an itemized statement in writing showing, among other things, her total actual hours worked, an accurate breakdown of all minimum, regular and/or overtime wages owed to her, an accurate breakdown of total wages paid to her at either her regular rate or overtime rates, and/or an accurate breakdown of all the deductions taken from her wages.

24.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendant has been advised by skilled lawyers and/or other skilled professionals, employees and advisors knowledgeable about California Labor and Wage Law and Employment and personnel practices, and about the requirements of California law. Despite such knowledge, Defendant has knowingly and intentionally refused to pay Plaintiff all of the minimum and/or overtime wages owed to her and knowingly and intentionally  failed to provide Plaintiff with accurate, itemized wage statements.

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES

1    25.    As a result of Defendant's various violations of California law as described

2    herein, Plaintiff alleges she has been damaged and, thus, is owed her unpaid minimum

3    wages, unpaid overtime wages, liquidated damages, statutory penalties and interest on all

4    compensation still not paid to her.

5

6                              **FIRST CAUSE OF ACTION**

7                **VIOLATION OF CALIFORNIA *LABOR CODE* § 510**

8                    **(Against Defendant and DOES 1 through 10)**

9    26.    As a separate and distinct cause of action, Plaintiff complains and realleges all

10   the allegations contained in this complaint, and incorporates them by reference into this

11   cause of action as though fully set forth herein, excepting those allegations which are

12   inconsistent with this cause of action.

13   27.    At all times herein set forth, California *Labor Code* §1198 provides that it is

14   unlawful to employ persons for longer than the hours set by the Industrial Welfare

15   Commission ("IWC").

16   28.    At all times herein set forth, the IWC Wage Order applicable to Plaintiff's

17   employment by Defendants, and California *Labor Code* § 510, provides that employees

18   working for more than eight (8) hours in a day or more than forty (40) hours in a work week

19   are entitled to overtime compensation at the rate of one and one-half the regular rate for

20   hours worked in excess of eight (8) hours in a day or forty (40) hours in a week, or for the

21   first eight (8) hours worked on the seventh day of work, and to overtime compensation at

22   twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in

23   excess of eight (8) hours in a day on the seventh day of work.

24   29.    During the relevant time period, Plaintiff consistently worked hours in excess of

25   8 hours per day and 40 hours per week for Defendants' benefit, thus was subject to the

26   overtime requirements of California law under California *Labor Code* § 1454. However,

27   despite such requirements, Defendants failed to pay Plaintiff such overtime wages owed.

28   / / /

---

7

30.     Defendants' failures to pay Plaintiff overtime compensation, as required by California law, violates the provisions of California *Labor Code* §§ 510 and 1454, and is therefore unlawful.

31.     Pursuant to California *Labor Code* § 1194, Plaintiff is entitled to recover her unpaid overtime compensation as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### VIOLATION OF CALIFORNIA *LABOR CODE* § 1197

### (Against Defendant and DOES 1 through 10)

32.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

33.     At all times herein set forth, California *Labor Code* § 1197 provides that the minimum wage for employees fixed by the Industrial Wage Commission ("IWC") is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

34.     California *Labor Code* §1182.12 provides that the minimum wage required to be paid to employees of all industries in California. However, for employers with less than 25 employees, the County of Los Angeles Minimum Wage Ordinance expands such rates to $10.50 per hour worked from July 1, 2017 through June 30, 2018, $12.00 per hour worked from July 1, 2018 through June 30, 2019 and $13.25 per hour worked from July 1, 2019 through June 30, 2020. Throughout Plaintiff's employment, Defendants regularly failed to pay Plaintiff the applicable minimum wage for all hours Plaintiff worked for Defendants' sole benefit, if any wages at all. Consequently, Defendants have failed to pay Plaintiff the required minimum wages for all of her hours worked for Defendant's benefit.

/ / /

/ / /

8

COMPLAINT FOR DAMAGES

35.     Defendant's failure to pay Plaintiff the minimum wages she was owed as required under California law violates California *Labor Code* § 1197.

36.     Pursuant to California *Labor Code* §§ 1194 and 1194.2(a), Plaintiff is entitled to recover the unpaid balance of her minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA *LABOR CODE* § 204

### (Against Defendant and DOES 1 through 10)

37.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

38.     At all times herein, *California Labor Code* §204 establishes the right of all employees in the State of California to be paid wages in a timely fashion for their work.

39.     During the relevant time period, rather than paying Plaintiff all of the wages Plaintiff was owed, Defendants consistently deprived Plaintiff of such wages. Consequently, in violation of California *Labor Code* § 204, Defendants failed to pay Plaintiff all of Plaintiff's wages earned throughout the relevant time period at the time they were due.

40.     As a result of Defendant's violations of California *Labor Code* § 204, Plaintiff is entitled to recover all such unpaid wages, and such general and special damages as may be appropriate, as well as interest on all due and unpaid wages, accrued from the date that the wages were due and payable, costs and attorneys' fees.

/ / /

/ / /

/ / /

9

## FOURTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA *LABOR CODE* §§ 201 & 202

### (Against Defendant and DOES 1 through 10)

41.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

42.     At all times herein set forth, California *Labor Code* §§ 201 & 202 collectively provide that where an employee's employment ends with the employer, the wages earned and unpaid at the time the employee's employment ends are due and payable at the time of the employee's involuntary termination or within seventy-two (72) hours of a resignation.

43.     While Plaintiff remains on medical leave to this date, Plaintiff's last day of employment with Defendant was in September 2020. It is possible that during the course of this action that Plaintiff's employment with Defendant shall cease, at which time all wages owed by Defendants will be immediately due. Thus, where Defendant continues to refuse to pay Plaintiff all wages owed to her at the time, Defendant will have violated California *Labor Code* §§ 201 & 202. Thus, Plaintiff alleges this cause of action as an alternative cause of action should such circumstances present themselves within the course of this litigation.

44.     California *Labor Code* § 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with *Labor Code* §§ 201 & 202, any wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than thirty (30) days.  Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

45.     Pursuant to California *Labor Code* § 203, should Plaintiff's employment cease and Defendant continue to refuse to pay Plaintiff all wages owed, Plaintiff will be entitled to recover from Defendant the statutory penalty for each day she was not paid at her regular rate of pay for up to a thirty (30) day maximum.

10

46.     Plaintiff is entitled to recover all unpaid wages, and such general and special damages as may be appropriate, as well as interest on all due and unpaid wages, accrued from the date that the wages were due and payable, at the rate of interest specified in subdivision (b) of § 3289 of the *Civil Code*, and an award of costs and reasonable attorneys' fees pursuant to California *Labor Code* § 218.5, and any other relief the Court deems appropriate.

## FIFTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA *LABOR CODE* § 226(a)
### (Against Defendant and DOES 1 through 10)

47.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

48.     At all times herein set forth, California *Labor Code* § 226(a) provides that an employer shall provide each employee with an accurate itemized statement in writing, showing, among other things, gross wages earned, total hours worked and all deductions made from wages.

49.     Plaintiff is informed and believes, and thereon alleges, that Defendants intentionally failed to make, keep, preserve or provide to Plaintiff true, accurate, and complete records of, among other things, hours worked by Plaintiff, wages owed to Plaintiff and wages paid to Plaintiff.  Accordingly, Defendants' conduct as alleged herein violates California *Labor Code* § 226(a).

50.     Plaintiff is entitled to recover from Defendants the greater of her actual damages caused by Defendants' failures to comply with *California Labor Code* § 226(a) or an aggregate penalty not exceeding four thousand dollars ($4,000), and an award of costs and reasonable attorney's fees pursuant to *California Labor Code* § 226(e), and any other relief the Court deems appropriate.

11

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

1.  For all actual, consequential, and incidental damages, according to proof;

2.  For unpaid regular, minimum and/or overtime wages,

3.  For general damages, as may be appropriate;

4.  For special damages, as may be appropriate;

5.  For pre-judgment interest on any unpaid compensation from the date such amounts were due;

6.  For statutory penalties pursuant to California *Labor Code* §§ 226(e),;

7.  For liquidated damages pursuant to California *Labor Code* § 1194.2;

8.  For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California *Labor Code* §§ 218.5, 226(e) &1194;

9.  For all other appropriate declaratory and equitable relief; and

10. For such other and further relief as the Court may deem appropriate.

Dated:    March 3, 2021.

_____
**BRENNAN S. KAHN, ESQ.**
**PERONA, LANGER, BECK,**
**SERBIN & HARRISON, APC.**
Attorneys for Plaintiff, Brenda Curtiss

12

COMPLAINT FOR DAMAGES

CM-010

Electronically FILED by Superior Court of California, County of Los Angeles on 03/05/2021 01:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*   21STCV08824 | FOR COURT USE ONLY |
|---|---|
| BRENNAN S. KAHN, ESQ. (SBN 259548)<br>PERONA, LANGER, BECK, SERBIN & HARRISON<br>300 East San Antonio Drive<br>Long Beach, California 90807<br>TELEPHONE NO.: (562) 426-6155   FAX NO.: (562) 490-9823<br>ATTORNEY FOR *(Name):* Plaintiff, Brenda Curtiss | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central

CASE NAME: Curtiss v. L3 Electron Devices, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 21STCV08824 |
| | | | JUDGE: | |
| | | | DEPT.: | |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve     in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Five (5); Unpaid wages and statutory penalties.
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 3, 2021.

Brennan S. Kahn, Esq.
_____     ▶     _____
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Curtiss, Brenda

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice- Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court Case Matter
  Writ-Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

CEB · Essential Forms
ceb.com · Forms

Curtiss, Brenda

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Curtiss .v. L3 Electron Devices, Inc. | |

**CIVIL CASE COVER SHEET ADDENDUM AND**
**STATEMENT OF LOCATION**
**(CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)**

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in
Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have
chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties resides.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C   Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| Auto (22) | ☐ A7100   Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110   Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1, 4, 11 |
| Asbestos (04) | ☐ A6070   Asbestos Property Damage | 1, 11 |
|  | ☐ A7221   Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260   Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice<br>(45) | ☐ A7210   Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
|  | ☐ A7240   Other Professional Health Care Malpractice | 1, 4, 11 |
| Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250   Premises Liability (e.g., slip and fall) | 1, 4, 11 |
|  | ☐ A7230   Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
|  | ☐ A7270   Intentional Infliction of Emotional Distress | 1, 4, 11 |
|  | ☐ A7220   Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

*Auto Tort* (left margin)

*Other Personal Injury/ Property Damage/Wrongful Death Tort* (left margin)

LASC CIV 109 Rev. 12/18
For Mandatory Use

CEB | Essential
ceb.com | Forms

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

Curtiss, Brenda

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Curtiss.v. L3 Electron Devices, Inc. | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ | A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ | A6005   Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ | A6010   Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ | A6013   Fraud (no contract) | 1, 2, 3 |
| | Professional<br>Negligence<br>(25) | ☐ | A6017   Legal Malpractice<br>A6050   Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ | A6025   Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination<br>(36) | ☐ | A6037   Wrongful Termination | 1, 2, 3 |
| | Other Employment<br>(15) | ☒<br>☐ | A6024   Other Employment Complaint Case<br>A6109   Labor Commissioner Appeals | 1, ②, 3<br>10 |
| **Contract** | Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐<br>☐<br>☐<br>☐ | A6004   Breach of Rental/Lease Contract (not unlawful detainer or<br>          wrongful eviction)<br>A6008   Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence)<br>A6019   Negligent Breach of Contract/Warranty (no fraud)<br>A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br><br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections<br>(09) | ☐<br>☐<br>☐ | A6002   Collections Case-Seller Plaintiff<br>A6012   Other Promissory Note/Collections Case<br>A6034   Collections Case-Purchased Debt (Charged Off Consumer Debt<br>          Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage<br>(18) | ☐ | A6015   Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract<br>(37) | ☐<br>☐<br>☐ | A6009   Contractual Fraud<br>A6031   Tortious Interference<br>A6027   Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ | A7300   Eminent Domain/Condemnation      Number of parcels | 2, 6 |
| | Wrongful Eviction<br>(33) | ☐ | A6023   Wrongful Eviction Case | 2, 6 |
| | Other Real Property<br>(26) | ☐<br>☐<br>☐ | A6018   Mortgage Foreclosure<br>A6032   Quiet Title<br>A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-<br>Commercial (31) | ☐ | A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-<br>Residential (32) | ☐ | A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-<br>Post-Foreclosure (34) | ☐ | A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-<br>Drugs (38) | ☐ | A6022   Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Curtiss v. L3 Electron Devices, Inc. | |

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150   Other Writ/Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007   Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121   Civil Harassment With Damages<br>☐ A6123   Workplace Harassment With Damages<br>☐ A6124   Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name/Change of Gender<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Curtiss, Brenda

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Curtiss v. L3 Electron Devices, Inc. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: <br> ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. ☐11. | ADDRESS: <br> 3100 Lomita Blvd., Bldng 230, #2129A |
|---|---|

| CITY: <br> Torrance | STATE: <br> CA | ZIP CODE: <br> 90505 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the   CENTRAL   District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: March 3, 2021

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LASC CIV 109, LASC Approved 03-04 (Rev. 12/18).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM** <br> **AND STATEMENT OF LOCATION**

Curtiss, Brenda

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By_____,Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING   )
FOR CIVIL                        )
                                 )
                                 )
_____  )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)  Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

    i)    Depositions;

    ii)   Declarations;

    iii)  Exhibits (including exhibits to declarations);

    iv)  Transcripts (including excerpts within transcripts);

    v)   Points and Authorities;

    vi)  Citations; and

    vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i)    Any printed document required pursuant to a Standing or General Order;

    ii)    Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii)    Pleadings and motions that include points and authorities;

    iv)    Demurrers;

    v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi)    Motions for Summary Judgment/Adjudication; and

    vii)    Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1    11) SIGNATURES ON ELECTRONIC FILING

2         For purposes of this General Order, all electronic filings must be in compliance with California

3    Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4    Division of the Los Angeles County Superior Court.

5

6         This First Amended General Order supersedes any previous order related to electronic filing,

7    and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8    Supervising Judge and/or Presiding Judge.

9

10   DATED:  May 3, 2019                    _Kevin C. Brazile_

11                                                             KEVIN C. BRAZILE

12                                                             Presiding Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

    The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◇**Los Angeles County Bar Association Litigation Section**◇

◇ **Los Angeles County Bar Association
Labor and Employment Law Section**◇

◇**Consumer Attorneys Association of Los Angeles**◇

◇**Southern California Defense Counsel**◇

◇**Association of Business Trial Lawyers**◇

◇**California Employment Lawyers Association**◇

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

iii.    Be filed within two (2) court days of receipt of the Request; and

iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____    &gt;  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)

Date: _____

_____    &gt;  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date: _____

_____    &gt;  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date: _____

_____    &gt;  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date: _____

_____    &gt;  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____ )

Date: _____

_____    &gt;  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____ )

Date: _____

_____    &gt;  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

⟩ _____
(ATTORNEY FOR PLAINTIFF)

⟩ _____
(ATTORNEY FOR DEFENDANT)

⟩ _____
(ATTORNEY FOR DEFENDANT)

⟩ _____
(ATTORNEY FOR DEFENDANT)

⟩ _____
(ATTORNEY FOR _____)

⟩ _____
(ATTORNEY FOR _____)

⟩ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

---

### How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

   a.  **The Civil Mediation Vendor Resource List**
      If all parties agree to mediation, they may contact these organizations to request a "Resource List
      Mediation" for mediation at reduced cost or no cost (for selected cases):

- **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
- **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
- **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
  - Only MCLA provides mediation in person, by phone and by videoconference.

   These organizations cannot accept every case and they may decline cases at their discretion.
- Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
     NOTE: This program does not accept family law, probate, or small claims cases.

   b.  **Los Angeles County Dispute Resolution Programs**
      https://wdacs.lacounty.gov/programs/drp/
- Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
  - Free, day- of- trial mediations at the courthouse. No appointment needed.
  - Free or low-cost mediations before the day of trial.
  - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
    http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

   c.  **Mediators and ADR and Bar organizations that provide mediation may be found on the internet.**

---

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

Los Angeles Superior Court ADR website: **http://www.lacourt.org/division/civil/CI0109.aspx**
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use